UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| BRADLEY LOTTMAN,<br><br>Plaintiff,<br>vs.<br><br>MELODI FREDRICKSON a/k/a MELODI CLARK<br><br>Defendant. | 20-CV-4050<br><br>**MEMORANDUM OPINION AND ORDER GRANTING IN FORMA PAUPERIS AND DISMISSING COMPLAINT** |

Pending before the Court is Plaintiff, Bradley Lottman's ("Plaintiff"), Motion to Proceed in Forma Pauperis, Doc.2

### I. Application to Proceed in Forma Pauperis

This Court may authorize the commencement of suit without prepayment of fees when an applicant files an affidavit stating he is unable to pay the costs of the lawsuit. 28 U.S.C. § 1915. Determining whether an applicant is sufficiently impoverished to qualify to proceed *in forma pauperis* under § 1915 is committed to the court's discretion. *Cross v. Gen. Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983). "[I]n forma pauperis status does not require a litigant to demonstrate absolute destitution." *Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000) (citation omitted).

Plaintiff indicates in his affidavit that he is receiving public assistance and that his expenses exceed his monthly income. Doc. 2. Considering the information in the financial affidavit, the Court finds that Plaintiff has made the requisite financial showing to proceed *in forma pauperis*.

### II. Screening of Complaint under 28 U.S.C. § 1915(e)(2)(B)

But the inquiry does not end there. Congress has directed this Court under 28 U.S.C. § 1915(e)(2)(B) to review and screen claims in a complaint being filed *in forma pauperis* to determine if they are: (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who has immunity. *See* 28 U.S.C. § 1915(e)(2)(B).

1

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which its rests." *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512 (2002) (citation omitted). Rule 8(a)(2) is satisfied "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A pleading that offers 'labels and conclusions' or 'a forumulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (citing Fed. R. Civ. P. 8(a)(2)). Determining whether a claim is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.

A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). A reviewing court has the duty to examine a *pro se* complaint "to determine if the allegations provide for relief on any possible theory." *Williams v. Willits*, 853 F.2d 586, 588 (8th Cir. 1988). However, a court is not required to supply additional facts for a *pro se* plaintiff, nor construct a legal theory that assumes facts which have not been pleaded. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

Plaintiff requests "a federal injunction for [his] payee to release [his] funds to [him] in time of crisis for food, necessities, and any other items needed during hardship immediately." Doc. 1. Plaintiffs Complaint has not satisfied the pleading requirements for a civil complaint as prescribed by the Federal Rules of Civil Procedure. Plaintiff's Complaint is defective because: 1) it does not include any caption, as required by Rule 10(a); (2) does not state any basis for the Court's jurisdiction, as required by Rule 8(a); and 3) does not set forth the factual, as well as the legal, basis for Plaintiff's claims as required by Rule 8(a). The Complaint does not identify the

individuals Plaintiff wishes to sue, nor how they are involved in the conduct about which he complains, as the federal rules require. *See Jones v. Pollard-Buckingham*, 348 F.3d 1072, 1073 (8th Cir. 2003). The Court understands that these are difficult times. However, Plaintiff's Complaint does not give any defendant fair notice of what Plaintiff's claims are, or the grounds upon which they rest, nor does it permit the Court to determine whether it even has jurisdiction over this case. In sum, Plaintiff's Complaint fails to state any legally cognizable cause of action.

Accordingly, it is hereby ORDERED that:

1) Plaintiff's Motion to Proceed In Forma Pauperis, Doc. 2, is GRANTED; and

2) Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE for failure to state a claim upon which relief may be granted.

Dated this 23rd day of March, 2020.

BY THE COURT:

_____
Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK

_____

3